UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAYAN PANTOJA ALONSO,

Case Number:

**Plaintiff**,

v.

ELECTRIC TODAY, INC.,

**Defendant**.

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, by and through his undersigned counsel, hereby brings this action for unpaid overtime wages against Defendant pursuant to Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA"). Plaintiff also seeks damages from Defendant based on Defendant's theft of Plaintiff's insurance premiums which were paid by Plaintiff and stolen by Defendant. In support of his complaint, Plaintiff states as follows:

Parties

1.    Plaintiff is a resident of Hillsborough County, Florida.

2.    Defendant operates as an air conditioning company in Hillsborough County, Florida.

3. Plaintiff was employed by Defendant as an Air-conditioning Technician – lead installer ("AC Tech") from approximately September 2021, and remains employed today.

Jurisdiction

4. Plaintiff resides in Hillsborough County, Florida.

5. Defendant conducts business in Hillsborough County, Florida.

6. Defendant employed Plaintiff in Hillsborough County, Florida.

7. All events giving rise to this action occurred in Hillsborough County, Florida.

Facts

8. Defendant employed Plaintiff as an Air Conditioning Tech.

9. Plaintiff was a non-exempt employee paid on an hourly basis and occasionally paid per job (without regard to the time spent on each job).

10. Plaintiff was paid a "piece rate" when performing air conditioner installations and was not paid overtime when he worked more than 40 hours during a single workweek.

11. Plaintiff did not agree to be paid one- and one-half times his piece rate for each piece produced during overtime hours.

12. Defendant did not accurately record Plaintiff's hours worked when Plaintiff performed piece rate duties.

2

Doc ID: 66c15e7146c2e6b59e703df1814ef75ed23b09fb

13.    Plaintiff was employed by Defendant during the three years prior to the filing of this lawsuit.

14.    Defendant is an air conditioning installation and repair company and provides related services in Hillsborough County, Florida.

15.    During Plaintiff's employment with Defendant, Plaintiff received paychecks from Defendant.

16.    At all times during Plaintiff's employment, Plaintiff was classified as a non-exempt employee paid on an hourly basis and not subject to any overtime exemptions or exceptions.

17.    Defendant owns and operates air conditioning installation and repair company in Hillsborough County, Florida.

18.    At all times relevant to this action, Plaintiff worked for Defendant and performed services for Defendant in Hillsborough County, Florida.

19.    At all times during his employment, Plaintiff was employed by Defendant as a non-exempt employee who was paid an hourly wage.

20.    During the majority of his employment, Plaintiff worked at least 45 hours per week.

21.    Plaintiff was not paid overtime wages for all of the hours he worked while employed by Defendant.

22.    Plaintiff was not subject to any overtime exemptions.

3

23.    Defendant engaged in an illegal policy of requiring Plaintiff to work 45 or more hours in many workweeks of his employment and did not pay Plaintiff premium wages for all hours worked beyond 40 in a single workweek.

24.    Defendant failed to pay Plaintiff at one-and-one-half-times his regular rate for all hours worked beyond 40 in a single workweek.

25.    Defendant engaged in an illegal scheme of failing, refusing, or neglecting to pay Plaintiff premium wages for all hours worked while employed by Defendant in an effort to extract work from Plaintiff without compensating Plaintiff for the work provided.

26.    Specifically, Defendant suffered and permitted Plaintiff to more than 40 hours during single workweeks but paid Plaintiff his regular hourly rate instead of the higher, overtime rate.

27.    The overtime work performed by Plaintiff was worked in Defendant's facility in full view of Defendant's employees and managers.

28.    In fact, Defendant recorded many of Plaintiff's overtime hours but intentionally did not pay Plaintiff premium wages for the overtime hours worked.

29.    Plaintiff regularly and habitually worked approximately 5 hours of unpaid overtime per week during the entirety of his employment.

Doc ID: 66c15e7146c2e6b59e703df1814ef75ed23b09fb

30.    Defendant was required to compensate Plaintiff at a rate of at least one-and-one-half times his regular rate for all hours worked beyond 40 in a single workweek.

31.    As of this date, Plaintiff still has not been paid premium wages for all hours worked beyond 40 in a single workweek.

32.    Plaintiff seeks full compensation, including unpaid premium wages, liquidated damages, attorney's fees, and costs because Defendant's conduct in refusing to pay Plaintiff at least one-and-one-half times his regular rate was a calculated attempt to extract additional work out of Plaintiff for the benefit of Defendant.

33.    Defendant is a for-profit corporation that operates and conducts business in, among others, Hillsborough County Florida, and is therefore, within the jurisdiction of the Court.

34.    Defendant, at all relevant times to this complaint, was Plaintiff's employer as defined by 29 U.S.C. § 203(d). Plaintiff performed duties and responsibilities that involved home repair industry services and required Plaintiff to regularly transport, handle, and install goods and materials that originated out of state.

5

35. This action is brought under the FLSA to recover from Defendant, unpaid overtime wages in the form of unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs.

36. The Court has jurisdiction over Plaintiff's claims as material events transpired in Hillsborough County, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA.

37. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s). Upon information and belief, including Plaintiff's experience with Defendant as well as the sheer size of Defendant's organization suggest that the Defendant is a multi-million-dollar operation that has considerable expertise in the air conditioning industry. Accordingly, Plaintiff alleges that enterprise coverage is present in this case because Defendant has an annual volume of at least $500,000.00 in revenue and has two or more employees that handle goods in commerce, including tool, goods, materials and supplies, whom also use telephones, fax machines and other instrumentalities of commerce.

38. At all material times relevant to this action, Plaintiff in his capacity as an AC Tech, and was individually covered by the FLSA. The very essence of Plaintiffs' employment, travelling along highways and byways to deliver and install air conditioning units that were shipped to Florida from out of state, is so closely

6

Doc ID: 66c15e7146c2e6b59e703df1814ef75ed23b09fb

related to interstate commerce that Plaintiffs' relationship to interstate commerce cannot be separated.

39.    Indeed, Plaintiff regularly handled goods and materials that had traveled to Florida from other states and countries. Plaintiff then transported those goods and materials that had traveled to Florida from out-of-state along highways and delivered them to Florida residents.

40.    Plaintiff did not participate in the creation of budgets for Defendant or participate in corporate strategy or planning. Plaintiff did not implement legal compliance measures.

41.    At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all hours worked during his employment.

42.    Defendant is in exclusive possession of the majority of relevant records in this case, including payroll records and schedules and other documentation that might reasonably assist Plaintiff with providing even greater specificity regarding the precise number of overtime hours worked by Plaintiff during each week of his employment.

7

43.    However, Plaintiff alleges that he routinely worked in excess of 40 hours per week, including time for which Defendant made no provisions to properly record.

44.    Defendant failed, refused and/or neglected to keep accurate time records pursuant to 29 U.S.C. § 211(c) of Plaintiffs' true hours of work.

45.    During Plaintiff's employment, Plaintiff paid monthly premiums to Defendant for health insurance.

46.    Defendant promised Plaintiff that the payments made by Plaintiff were being sent to the insurance company to cover Plaintiff's insurance premiums.

47.    Defendant accepted the payments from Plaintiff under the guise of paying for Plaintiff's health insurance.

48.    Defendant did not make payment to the insurance company on behalf of Plaintiff. Instead, Defendant kept the money for their own benefit.

49.    By not sending Plaintiff's insurance premiums to the insurance company, Defendant stole Plaintiff's money.

50.    Plaintiff has been damaged by Defendant's theft.

## COUNT I – RECOVERY OF OVERTIME WAGES

51.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-50, above.

8

Doc ID: 66c15e7146c2e6b59e703df1814ef75ed23b09fb

52.    Plaintiff was employed by Defendant and was, at all times, protected by the FLSA.

53.    Plaintiff was an hourly, non-exempt employee.

54.    Plaintiff was entitled to receive one-and-one-half times his regular rate for all hours worked beyond 40 in a single work week.

55.    Plaintiff regularly worked beyond 40 hours in a single workweek.

56.    Defendant engaged in an illegal policy of not paying Plaintiff premium wages for all hours worked beyond 40 in a single work week.

57.    Plaintiff was damaged as a result of Defendant's failure to pay Plaintiff premium wages for all hours worked beyond 40 in a single workweek.

58.    As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to payment of the unpaid premium wages, liquidated damages, attorney's fees, and costs.

## COUNT II – CIVIL THEFT IN VIOLATION OF FLORIDA STATUTE § 772.11

59.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-50, above.

60.    During the course of his employment, Plaintiff paid monthly premiums to Defendant, which Defendant represented as being intended for Plaintiff's health insurance coverage.

Doc ID: 66c15e7146c2e6b59e703df1814ef75ed23b09fb

61. Defendant accepted these payments under the guise of forwarding them to the health insurance provider on behalf of Plaintiff. However, Defendant failed to make the required payments to the insurance company, thereby keeping the funds for its own use and benefit.

62. Defendant's actions in retaining Plaintiff's insurance premiums without remitting them to the insurance provider constitute an intentional and unauthorized taking of Plaintiff's funds.

63. Such conduct falls under the definition of civil theft as outlined in Florida Statutes, Chapter 772, which prohibits theft, conversion, or misappropriation of another's property.

64. As a result of Defendant's unauthorized retention of Plaintiff's insurance premiums, Plaintiff has suffered financial damages, including but not limited to the loss of health insurance benefits that would have been available had Defendant properly allocated the funds.

65. Pursuant to Florida Statutes, Chapter 772.11, Plaintiff is entitled to recover three times the amount of the misappropriated funds, along with attorney's fees and costs, due to the willful and unlawful nature of Defendant's conduct.

66. Plaintiff demands a trial by jury.

10

Doc ID: 66c15e7146c2e6b59e703df1814ef75ed23b09fb

WHEREFORE, Plaintiff demand judgment against Defendant, including, but not limited to, reimbursement of an amount equal to the unpaid overtime wages and liquidated damages, together with costs and attorney's fees pursuant to the FLSA, and such other further relief as this Court deems just and proper.

March 26, 2025

DECLARATION PURSUANT TO 28 U.S.C. SECTION 1746

I HEREBY AFFIRM THAT THE FACTUAL STATEMENTS MADE ABOVE ARE TRUE AND CORRECT, UNDER PENALTY OF PERJURY.

DATED:    03 / 26 / 2025

PRINT NAME:    DP

SIGNATURE:

/S/ **Kyle J. Lee**
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, FL 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com

11