UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAYAN PANTOJA ALONSO,

     Plaintiff,

                                  Case No.: 8:25-cv-744-KKM-AAS

v.

ELECTRIC TODAY, INC.

     Defendant.

_____

## ANSWER AND DEFENSES TO COMPLAINT

COMES NOW Defendant ELECTRIC TODAY, INC., by and through its undersigned counsel, answers the Complaint by paragraph, asserts its defenses thereto, and says as follows:

## PARTIES

1. Without knowledge and therefore denied.

2. Admitted.

3. Admits employment as AC Tech, otherwise denied.

## JURISDICTION

4. Without knowledge and therefore denied.

5. Admitted.

6. Admitted.

7. Admitted.

## FACTS

8. Admitted.

1

9.  Admit non-exempt status.  Otherwise denied.

10. Admit Plaintiff paid "piece rate".  Otherwise denied.

11. Admit that Plaintiff agreed to be paid pursuant to the conditions set forth in the Policy

and Procedures Handbook.  Otherwise denied.

12. Denied.

13. Admitted.

14. Admitted.

15. Denied.

16. Admit non-exempt status.  Otherwise denied.

17. Admitted.

18. Admitted.

19. Admit non-exempt status.  Otherwise denied.

20. Denied.

21. Admit overtime not paid "for all hours worked".  Otherwise denied.

22. Admitted.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Admitted.

34. Admitted.

35. Admitted for jurisdictional purposes only.

36. Admitted.

37. Admit Defendant is subject to FLSA and that 29 U.S.C. § 203 (r) and (s) speak for themselves, but is otherwise is presently without knowledge and therefore denied.

38. Admitted.

39. Admitted.

40. Admitted.

41. Denied.

42. Denied.

43. Denied.

44. Admit that 29 U.S.C. § 211 (c) speaks for itself. Otherwise denied.

45. Admit deductions taken for health insurance. Otherwise denied.

46. Denied.

47. Admit deductions taken for health insurance. Otherwise denied.

48. Admit certain payments not made through inadvertence. Otherwise denied.

49. Denied.

50. Denied.

## COUNT I-RECOVERY OF OVERTIME WAGES

51.Defendant adopts its previous responses to paragraphs 1. through 50.

hereinabove as if set forth fully herein.

52. Admitted for jurisdictional purposes only.

53. Admit non-exempt status.  Otherwise denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

## COUNT II-CIVIL THEFT IN VIOLATION OF FLORIDA STATUTES § 772.11

59. Defendant adopts its previous responses to paragraphs 1. through 50.

hereinabove as if set forth fully herein.

60. Admit deductions taken for health insurance.  Otherwise denied.

61. Denied.

62. Denied.

63. Admit that Fl. Stat. §772.11 speaks for itself.  Otherwise denied.

64. Denied.

65. Admit that Fl. Stat. §772.11 speaks for itself.  Otherwise denied.

66. Admit that a jury trial is demanded by Plaintiff.

Defendant denies generally any and all allegations contained in the Complaint not specifically admitted herein.

## DEFENSES

### First Defense

4

As and for a separate defense, this Defendant would show that Plaintiff fails to state a claim against this Defendant for which relief can be granted.

## Second Defense

As and for a separate defense, this Defendant would show that it acted in full compliance and conformity with and reliance upon the FLSA and applicable state and federal laws, regulations orders, opinions, and interpretations, as well as with enforcement policies with respect to the class of employers to which this Defendant belonged. Furthermore, This Defendant acted in good faith as a reasonable prudent entity would under similar circumstances, with an earnest belief of reasonable compliance, and is not subject to any liability for any alleged failure to pay minimum or overtime wages as required by the FLSA.

## Third Defense

As and for a separate defense, this Defendant would show that to the extent applicable to this Defendant, 29 U.S.C. Secs. 213 (a) (1) and 29 C.F.R Sec. 541.100 would bar Plaintiff's claims.

## Fourth Defense

As and for a separate defense, this Defendant would show that to the extent applicable to this Defendant, this Defendant always acted in good faith and in compliance with FLSA and never engaged in willful conduct that could be construed as violative of the FLSA.

## Fifth Defense

As and for a separate defense, this Defendant would show that Plaintiff's claims, to the extent not timely filed, are barred by the application of the controlling statutes of limitation, 29 U.S.C.

Sec. 255 (a).

### Sixth Defense

As and for a separate defense, this Defendant would show, to the extent applicable to this Defendant, that Plaintiff is not entitled to any three (3) year statute of limitation or liquidated damages in that there is an insufficient showing of willful conduct.

### Seventh Defense

As and for a separate defense, this Defendant would show that Plaintiff 's claim is de minimis and not subject to FLSA application.

### Eighth Defense

As and for a separate defense, this Defendant would show that there is no liability under FLSA to Plaintiff for any activities contemplated by 29 U.S.C. Sec. 254.

### Ninth Defense

As and for a separate defense, this Defendant would show that Plaintiff's claim is barred by application of the doctrine of payment as recognized in FLSA.

### Tenth Defense

As and for a separate defense, this Defendant would show that Plaintiff is not entitled under any theory alleged to recover both liquidated damages and pre-judgment interest under FLSA.

### Eleventh Defense

As and for a separate defense, this Defendant would show that any recovery by Plaintiff is subject to set off.

## Twelfth Defense

As and for a separate defense, this Defendant would show that to the extent applicable to this Defendant, any actions taken involving Plaintiff were taken in good faith as contemplated by 29 U.S.C. Sec. 260.

## Thirteenth Defense

As and for a separate defense, this Defendant would show that any claim by Plaintiff for liquidated damages should be barred because there is not sufficient evidence of any willful violation of FLSA or any evidence of authorization or ratification of willful conduct. Furthermore, Plaintiff has failed to sufficiently plead factual entitlement to such liquidated damages.

## Fourteenth  Defense

As and for a separate defense, this Defendant would show that Plaintiff's claims should be barred, in whole or in part, by the application of 29 U.S.C. Sec. 259 (10), Portal to Portal Act, as interpreted by the Secretary of Labor and U.S. Department of Labor.

## Fifteenth Defense

As and for a separate defense, this Defendant would show that Plaintiff's claims should be barred by application of the doctrine of laches and/or the doctrine of unclean hands.

## Sixteenth Defense

As and for a separate defense, this Defendant would show that Plaintiff's claims should be barred by application of the doctrines of estoppel and waiver.

## Seventeenth Defense

As and for a separate defense, this Defendant would show that Plaintiff is not permitted to recover for any hours claimed that were not worked with any recognized and proven employer's authorization, or without actual or constructive knowledge thereof.

## Eighteenth Defense

As and for a separate defense, this Defendant would show that Plaintiff failed to perform the required condition precedent of statutory notice to Defendant.

## Nineteenth Defense

As and for a separate defense, this Defendant would show that to the extent that Plaintiff never engaged in protected conduct and was never subjected to any adverse employment action, Plaintiff's claims should be barred.

## Twentieth Defense

As and for a separate defense, this Defendant would show that any alleged exercise of Plaintiff's rights under FLSA were not the proximate or legal cause of any damages alleged or claimed by Plaintiff in this action.

## Twenty First Defense

As and for a separate defense, this Defendant would show that to the extent that Plaintiff engaged in protected activity under FLSA in bad faith or for wrongful purpose, Plaintiff's claims should be barred.

## Twenty Second Defense

As and for a separate defense, this Defendant would show that to the extent it is

revealed that Plaintiff engaged in misconduct sufficient for termination, Plaintiff's claims should be barred from any equitable relief pursuant to the application of the doctrine of after acquired evidence and/or unclean hands.

## Twenty Third Defense

As and for a separate defense, this Defendant would show that Plaintiff's claims should be reduced for failure to mitigate any alleged damages.

## Twenty Fourth Defense

As and for a separate defense, this Defendant would show that any alleged damages sustained by Plaintiff were the result of actions of independent third parties and not any actions or conduct of this Defendant.

## Twenty Fifth Defense

As and for a separate defense, this Defendant would show that Count II fails to state a cause of action upon which relief can be granted in that the statutory condition precedent to bringing an action under Fla. Stat.§ 772.11 has not been satisfied.

## Twenty Sixth Defense

As and for a separate defense, this Defendant would show that Plaintiff cannot prove all elements of an action for civil theft by clear and convincing evidence, as required by Fla. Stat. § 772.11.

## Twenty Seventh Defense

As and for a separate defense, this Defendant would show Plaintiff cannot show by clear and convincing evidence that this Defendant obtained or endeavored to obtain Plaintiff's property with

the felonious or criminal intent to commit a theft.

## Twenty Eighth Defense

As and for a separate defense, this Defendant would show that to the extent that there was an existing contractual relationship between Plaintiff and Defendant, any alleged damages or loss which results from any alleged theft must be separate and distinct from any loss alleged to have resulted from a breach of contract.

## RESERVATION OF RIGHTS

Defendant reserves its right to amend this Answer and Defenses either by modification, addition, or deletion as provided for by law and/or applicable rule.

WHEREFORE Defendant respectfully requests that this Court dismiss the Complaint with prejudice as against this Defendant; that every prayer for relief requested by Plaintiff be denied; that Final Judgement be entered in favor of this Defendant; that all costs incurred by this Defendant be awarded to this Defendant against Plaintiff; that this Defendant's reasonable attorney's fees incurred in the defense of this action be awarded to it against the Plaintiff; and for whatever other and further relief that to the Court seems just and proper.

Respectfully submitted,

*/s/R. Michael DeLoach*
R. MICHAEL DeLOACH, ESQ.
R. MICHAEL DeLOACH, P.A.
Fla. Bar No.: 0731072
Post Office Box 2349
Brandon, Florida 33509-2349
(813) 654-3411 Telephone
(813) 661-7784 Facsimile
michael@deloachlegal.com
www.deloachlegal.com
Trial counsel for Defendant
ELECTRIC TODAY, INC.

10

<u>**CERTIFICATE OF SERVICE**</u>

     **I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via

CM/ECF on this 23rd day of April, 2025 to the following:

    Kyle J. Lee, Esq.
    LEE LAW, PLLC
    1971 West Lumsden Road, Suite 303
    Brandon, FL   33511
    Kyle@KyleLeeLaw.com
    Attorneys for Plaintiff

                */s/R. Michael DeLoach*

                R. MICHAEL DeLOACH, ESQ.
                R. MICHAEL DeLOACH, P.A.
                Fla. Bar No.: 0731072
                Post Office Box 2349
                Brandon, Florida 33509-2349
                (813) 654-3411 Telephone
                (813) 661-7784 Facsimile
                michael@deloachlegal.com
                www.deloachlegal.com
                Trial counsel for Defendant
                ELECTRIC TODAY, INC.